UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| HEWLETT-PACKARD FINANCIAL SERVICES COMPANY,<br><br>    Plaintiff,<br>v.<br><br>NEW TESTAMENT BAPTIST CHURCH,<br><br>    Defendant. | Civil Action No.<br><br>2:18-CV-10230-MCA-SCM<br><br>**OPINION AND ORDER ON MOTION TO TRANSFER**<br><br>**[D.E. 25]** |

**STEVEN C. MANNION**, United States Magistrate Judge.

  Before this Court is Defendant New Testament Baptist Church's ("New Testament") motion to transfer to the Southern District of Florida.[1] Plaintiff Hewlett-Packard Financial Services ("Hewlett-Packard") opposed the motion,[2] and New Testament replied.[3] The Honorable Madeline Cox Arleo, U.S.D.J., referred the motion to the undersigned for disposition.[4] The Court has reviewed the parties' submissions and heard oral argument on August 12, 2019. For the reasons stated below, New Testament's motion to transfer is **DENIED**.

---

[1] (ECF Docket Entry No. ("D.E.") 25, Def.'s Mot. to Transfer). The Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

[2] (D.E. 26, Pl.'s Opp'n).

[3] (D.E. 31, Def.'s Reply).

[4] L. Civ. R. 72.1(a)(1).

## I. BACKGROUND AND PROCEDURAL HISTORY[5]

In this breach of contract action, Hewlett-Packard alleges that it "leased computer and computer-related equipment and financed certain software program license fees, maintenance fees, and certain equipment acquisition costs (the "Equipment")" to New Testament pursuant to a lease and financing agreement (the "Master Lease") and subsequent four schedules.[6] Hewlett-Packard alleges that New Testament failed to pay rent and finance charges in the amount of "more than 849,203.19."[7]

Hewlett-Packard initially filed an action against New Testament in Florida state court before filing a voluntary dismissal without prejudice.[8] Shortly thereafter, Hewlett-Packard filed this action in this District Court. Nearly two months after filing its Complaint, Hewlett-Packard requested, and the Clerk of Court entered, default against New Testament.[9] Hewlett-Packard then moved for default judgment.[10] On August 8, 2018, the Clerk of the Court entered default judgment against New Testament in the amount of $951,221.23, representing principal and pre-judgment late charges, and taxed costs of $400, plus post judgment interest.[11]

---

[5] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[6] (D.E. 1, Compl., at ¶¶ 3, 7–28).

[7] (*Id.*, at ¶¶ 3, 28).

[8] (D.E. 25-2, Def.'s Mot., Ex. 1).

[9] (D.E. 7, Pl.'s Req. for Default).

[10] (D.E. 8, Pl.'s Mot. for Default J.).

[11] (D.E. 10).

On August 27, 2018, New Testament entered its Notice of Appearance,[12] and filed a Motion to Vacate Default Judgment and Default.[13] On March 7, 2019, Judge Arleo granted New Testament's motion and ordered that "any motion to transfer shall be filed within 30 days."[14] Shortly thereafter, New Testament filed its Answer and Counterclaim against Hewlett-Packard.[15]

On April 3, 2019, New Testament filed the instant Motion to Transfer to the Southern District of Florida.[16] New Testament alleges that transfer should be granted because, among other reasons, Hewlett-Packard waived its rights to the forum selection clause in the Master Lease when Hewlett-Packard filed an action against New Testament in Florida; New Testament is a not-for-profit corporation of Florida; all discussions involving the Master Lease took place in Miami, Florida; all documents involving this transaction are located in Miami; key potential witnesses are located in Florida; and Hewlett-Packard regularly conducts business in Florida.[17]

Hewlett-Packard opposes by arguing that New Testament consented to New Jersey's jurisdiction through the Master Lease's forum selection clause and that New Testament fails to carry its burden for transfer.[18]

---

[12] (D.E. 12, Notice of Appearance).

[13] (D.E. 13 & D.E. 14, Def.'s Mot. to Vacate Default J.).

[14] (D.E. 20, Order).

[15] (D.E. 21, Answer & Countercl.).

[16] (D.E. 25, Def.'s Mot. to Transfer).

[17] (D.E. 25-6, Def.'s Mot. to Transfer Br.).

[18] (D.E. 26, Pl.'s Opp'n).

## II. MAGISTRATE JUDGE AUTHORITY

Magistrate judges are authorized to decide any non-dispositive motion designated by the Court.[19] This District specifies that magistrate judges may determine all non-dispositive pre-trial motions which include motions to transfer.[20] Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law."[21] However, decisions whether to transfer are within "the sound discretion of the trial court."[22]

## III. ANALYSIS AND DISCUSSION

New Testament moves to transfer venue to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a), which provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[23] New Testament explains that although the Master Lease contains a forum selection clause wherein the parties consented to any court in the State of New Jersey, Hewlett-Packard waived its right to invoke this provision.[24]

### A. Forum Selection Clause

The Court must first consider the applicability of the parties' forum selection clause before turning to Section 1404. Hewlett-Packard brought this breach of contract action in this District

---

[19] 28 U.S.C. § 636(b)(1)(A).

[20] L. Civ. R. 72.1(a)(1).

[21] 28 U.S.C. § 636(b)(1)(A).

[22] *Cadapult Graphic Sys., Inc. v. Tektronix, Inc.*, 98 F. Supp. 2d 560, 564 (D.N.J. 2000).

[23] 28 U.S.C. § 1404(a).

[24] (D.E. 25-6, Def.'s Mot. Br., at 6–7).

4

Court pursuant to the forum selection clause in the Master Lease.[25] However, New Testament contests the applicability of the forum selection clause.[26] The forum selection clause states:

> **(b) Consent to Jurisdiction.** Lessor and Lessee consent to the jurisdiction of any local, state or Federal court located within the State of New Jersey and waive any objection relating to improper venue or forum non-conveniens to the conduct of any proceeding in any such court.[27]

New Testament posits that because Hewlett-Packard initially filed suit against it in Florida, Hewlett-Packard waived its right to invoke the forum selection clause.[28] Hewlett-Packard disagrees by relying on the plain language of the clause, and argues that the clause does not specify that a previous filing impacts the parties' consent to jurisdiction in New Jersey and waiver to any objection.[29]

In diversity cases, like here, "federal law governs enforcement of a contractual forum selection clause."[30] This is so because "[q]uestions of venue and the enforcement of forum selection clauses are essentially procedural, rather than substantive, in nature."[31] Forum selection clauses are presumed to be valid, but that presumption may be overcome upon a showing that

---

[25] (D.E. 1, Compl., at ¶ 5).

[26] (D.E. 21, Answer, at ¶ 5).

[27] (D.E. 1-1, Compl., Ex. 1, at ¶ 26(b)).

[28] (D.E. 25-6, Def.'s Mot. Br., at 6–7).

[29] (D.E. 26, Pl.'s Opp'n, at 12).

[30] *Everbank Commer. Fin., Inc. v. Neighbors Glob. Holdings, LLC*, 2017 WL 5598216, at * 2 (D.N.J. Nov. 21, 2017).

[31] *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995) (quoting *Jones v. Weibrecht*, 901 F.2d 17, 19 (2d Cir. 1991)).

enforcement would be "unreasonable under the circumstances."[32] Enforcement is unreasonable where either the forum selected is "so gravely difficult and inconvenient that [the resisting party] will for all practical purposes be deprived of his day in court," or the clause was procured through "fraud or overreaching."[33] The interpretation of the forum selection clause is covered by state contract law—here, New Jersey.[34]

When a party seeks to enforce a forum selection clause, it should do so under Section 1404.[35] However, New Testament does not invoke Section 1404 to enforce the forum selection clause. Instead, New Testament moves to transfer under Section 1404 without regard for the forum selection clause, which it deems vitiated. New Testament's argument does not center on the clause being unenforceable but relies on Hewlett-Packard having waived the clause by first filing and then voluntarily dismissing in Florida.

The question for this Court is whether Hewlett-Packard waived the forum selection clause. The parties' forum selection clause is permissive rather than mandatory. A forum selection clause is permissive if it permits litigation to occur in a particular forum but does not foreclose the possibility of the litigation occurring elsewhere.[36] Such a clause does not support dismissal on the

---

[32] *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). *See also Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1219 (3d Cir. 1991).

[33] *Id.* at 15–18.

[34] *Collins v. May Kay, Inc.,* 874 F.3d 176, 182 (3d Cir. 2017).

[35] *Schering Corp. v. First Databank, Inc.,* 479 F. Supp. 2d 468, 470 (D.N.J. 2007).

[36] *See September Props. LLC v. Millionaire Gallery, Inc.,* No. 18-988, 2018 WL 4466066, at *4 (E.D. Pa. Sept. 18, 2018).

6

basis that plaintiff filed in a forum other than the one designated in the clause.[37] On the other hand, a mandatory clause designates an exclusive forum.[38] The forum selection clause at-issue here does not designate New Jersey as the exclusive forum. It simply provides New Jersey as a place for filing and waives objection to that venue; it does not limit New Jersey to be the only forum.

Under New Jersey law, if the language of a contract is "unambiguous," the parties' intent is "gleaned from the specific language of the agreement."[39] The "intent as expressed or apparent in the writing . . . controls,"[40] and words "must be given their 'plain and ordinary meaning.'"[41] The language of the at-issue forum selection clause is unambiguous. Neither party promised that it would not initiate litigation in a forum other than New Jersey. The plain meaning of the clause provides the parties' consent to the jurisdiction of any court within the State of New Jersey and waiver of any objection to any proceeding in any such court.[42] The clause does not provide that either party needs to enforce it or may waive it. Hewlett-Packard could not have waived the forum selection clause because the clause does not include language that could be waived. Instead, the clause acts as a "consent to jurisdiction,"[43] not a right to be enforced. New Testament consented

---

[37] *See Cancer Genetics, Inc. v. Kreatech Biotechnology, B.V.*, No. 07-273, 2007 WL 4365328, at *4 (D.N.J. Dec. 11, 2007) (explaining that permissive forum selection clauses do not preclude litigation in other fora).

[38] *Id.*

[39] *Zurbrugg Mem'l Hosp. v. Conrad Brahin, P.A.*, No. 87-cv-2717, 1988 WL 98536, at *2 (D.N.J. Sept. 23, 1988).

[40] *J.I. Hass Co. v. Gilbane Bldg. Co.*, 881 F.2d 89, 92 (3d Cir. 1989).

[41] *Kaufman v. Provident Life & Casualty Ins. Co.*, 828 F. Supp. 275, 283 (quoting *Armco Inc. v. Glenfed Financial Corp.*, 746 F. Supp. 1249, 1252 (D.N.J. 1990)).

[42] (D.E. 1-1, Compl., Ex. 1, at ¶ 26(b)).

[43] *Cancer Genetics, Inc.*, 2007 WL 4365328, at *4.

to New Jersey and waived any objection to this forum. Hewlett-Packard's filing in Florida did not withdraw New Testament's consent.

The forum selection clause does not include language regarding waiver of the clause if there is a previous filing. This Court does not have the "power to rewrite the contract of the parties" as New Testament would like.[44] New Testament fails to provide any case law to provide the Court with a basis to find that Hewlett-Packard may now not file in any court in New Jersey. The permissive nature of the forum selection clause hinders New Testament's argument, although it argues otherwise. Hewlett-Packard initiated litigation in a non-selected forum, but did not continue litigating there, although it could have. If Hewlett-Packard had continued to litigate in Florida and then later sought transfer, it may have waived the clause.[45] That did not happen here. The language of the parties' forum selection clause is clear. The only waiver that occurred here was when the parties signed the forum selection clause and waived any argument against venue in New Jersey.

**B.     Section 1404**

Having determined that the forum selection clause has not been vitiated and is enforceable, the Court next turns to the applicability of Section 1404. Although the Supreme Court modified the traditional Section 1404 analysis in the presence of a mandatory forum selection clause, it did not address whether it applies to a permissive forum selection clause.[46] Since the Supreme Court's

---

[44] *See E. Brunswick Sewerage Auth. v. E. Mill Assocs., Inc.*, 365 N.J. Super. 120, 125 (N.J. Super. Ct. App. Div. 2004).

[45] *See Kaliner v. MDC Sys. Corp., LLC*, 09-0005, 2011 WL 203872, *8 (E.D. Pa. 2011) (explaining that the state court found that a defendant waived the forum selection clause by voluntarily litigating the matter for two years in that court).

[46] *See In re Howmedica Osteonics Corp.*, 867 F.3d 390, 402–03 (3d Cir. 2017) (citing *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 63–64 (2013)).

ruling, courts have held that the traditional analysis applies.[47] As discussed above, the parties' forum selection clause is permissive. Accordingly, the traditional Section 1404 analysis applies, which requires the balancing of both the private and public interests to determine whether transfer is appropriate.

Because Section 1404(a) comes into play "where both the original and the requested venue are proper,"[48] the threshold question in determining the appropriateness of transferring a case is whether the original venue is proper. Section 1391(b) provides that venue is proper in a district based solely on diversity jurisdiction: (1) where the defendant resides, (2) where a substantial part of the events occurred that give rise to the claim, or, in the event that neither of those is proper, (3) where the defendant is subject to personal jurisdiction.[49]

Personal jurisdiction and venue are both waivable rights, and parties can consent to the jurisdiction or venue of any particular court.[50] New Testament consented to personal jurisdiction in New Jersey when it signed the Master Lease.[51] "The forum selection clause is an enforceable waiver of personal jurisdiction in New Jersey . . . ."[52] As to venue, since this Court has already

---

[47] *September Props. LLC,* 2018 WL 4466066, at *4 ("Accordingly, determination of whether the forum selection clause here is permissive or mandatory is critical. If it is mandatory, then *Atlantic Marine* controls . . . . If it is permissive, then the traditional forum non conveniens analysis applies . . . .").

[48] *Jumara v. State Farms Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995).

[49] 28 U.S.C. 1391(b).

[50] *See, e.g.*, *Travelodge Hotels, Inc. v. Mangat Houston Race Track, LLC*, No. 16-3543, 2007 WL 2156367, at *3 (D.N.J. July 25, 2007); *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315–16 (1994) (holding that "parties to a contract may agree in advance to submit to the jurisdiction of a given court"); *McCoy v. Siler*, 205 F.2d 498, 499 (3d Cir. 1953).

[51] *See Cancer Genetics, Inc.*, 2007 WL 4365328, at *3.

[52] *Travelodge Hotels, Inc.*, 2007 WL 2156367, at *5.

concluded that the forum selection clause is enforceable, venue in this Court is proper.[53] New Testament waived any objections to venue under Section 1391(b).

The Court must also determine whether the Southern District of Florida is a proper venue. Because New Testament maintains its principal place of business in Miami-Dade County, Florida[54]—a county resting in the Southern District of Florida—this action "might have been brought" in that district. As such, Section 1404(a) governs.

This Court finds that the consideration of both public and private factors, as delineated below, favors denying transfer to the Southern District of Florida.

1. **Private Interest Factors**

Under *Jumara*, the private interest factors include the plaintiff's choice of forum; the defendant's forum preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records.[55]

This Court finds that an analysis of the private interest factors weighs against transfer. There is ordinarily a strong presumption in favor of a plaintiff's choice of forum.[56] When a plaintiff has chosen its home forum, that choice of forum is entitled to greater deference.[57] New Testament relies on Hewlett-Packard's original filing in Florida to assert that Hewlett-Packard had no

---

[53] *See id.* at *6.

[54] (D.E. 21, Countercl., at ¶ 2).

[55] *Jumara*, 55 F.3d at 879.

[56] *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) (citations omitted).

[57] *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255–56 (1981).

10

intention nor preference to litigate in New Jersey and thus, Hewlett-Packard's forum preference is Florida. Hewlett-Packard disputes this argument and asserts that New Jersey is its preference. Hewlett-Packard chose New Jersey, its home forum, and regardless of whether the earlier filed action diminishes some of its preference, it is still entitled to deference. The Master Lease's inclusion of the forum selection clause specifying New Jersey, albeit permissive and not mandatory, further illustrates Hewlett-Packard's desire to remain in New Jersey. Also, New Testament fails to appreciate that Hewlett-Packard first filed in Florida state court, not Florida federal court, where New Testament wishes this case be transferred. This factor weighs against transfer.

As to factor two, New Testament asserts that it prefers to litigate in Florida.[58] However, the permissive forum selection clause is viewed as a manifestation of the parties' preferences.[59] The forum selection clause is entitled to consideration.[60] Although New Testament now conveniently asserts that it prefers to litigate in Florida, it previously consented to New Jersey. The presence of the forum selection clause, albeit permissive, weighs against transfer.

The third factor—whether the claim arose elsewhere—is the parties' most contentious factor. The Court finds that this factor is mainly neutral, but slightly favors transfer. The claim at issue involves an alleged breach of the Master Lease. When the case concerns a breach of contract, the Court must "consider several specific factors that relate to where the claim arose, including (1) where the contract was negotiated or executed; (2) where the contract was to be performed; and

---

[58] (D.E. 25-6, Def.'s Mot. Br., at 10).

[59] *See Jumara*, 55 F. 3d at 880. *See also Cancer Genetics, Inc.*, 2007 WL 4365328, at *2.

[60] *See Cancer Genetics, Inc.*, 2007 WL 4365328, at *2; *Travelodge Hotels, Inc.*, 2007 WL 2156367, at *7.

(3) where the alleged breach occurred."[61] New Testament asserts that the claim arose in Florida where papers were signed, the parties were required to perform, and the alleged breaches occurred.[62] Hewlett-Packard rebuts by stating that it negotiated and signed the transactional documents in New Jersey, it funded the loans that New Testament used to finance the Equipment from New Jersey, authorized the Equipment seller to deliver the Equipment from New Jersey, received payments in New Jersey, and engaged in protracted efforts to collect payments from New Testament from New Jersey.

The parties' affidavits are conflicting; however, the Court can decipher that Hewlett-Packard signed the documents in New Jersey, New Testament signed them in Florida, negotiations occurred in both New Jersey and Florida, any delivery occurred or was supposed to occur in Florida, and the payments were remitted from Florida to New Jersey. The events took place both in New Jersey and Florida, but the scale tips towards Florida. New Testament's reliance on *Gallagher v. Ocular Therapeutix, Inc.* is misplaced because *Gallagher*'s analysis as to where claims arose was specific to securities fraud claims, which are non-existent here.[63]

The fourth factor, concerning the convenience of the parties as indicated by their relative physical and financial conditions, weighs slightly in favor of transfer. New Testament submits that it is a not-for-profit corporation with a negative cash flow and the continuation of this litigation in New Jersey could jeopardize the financial viability of New Testament.[64] It further notes that its

---

[61] *McNulty v. J.H. Miles & Co.,* 913 F. Supp. 2d 112, 118 (D.N.J. 2012) (quoting *Business Store, Inc. v. Mail Boxes Etc.*, No. 11-3662, 2012 WL 525966, at *7 (D.N.J. Feb. 16, 2012)).

[62] (D.E. 25-6, Def.'s Mot. Br., at 11).

[63] *Gallagher v. Ocular Therapeutix, Inc.*, 2017 WL 4882487, at *4 (D.N.J. Oct. 27, 2017).

[64] (D.E. 25-6, Def.'s Mot. Br., at 11; D.E. 31, Def.'s Reply, at 9).

local Florida counsel will handle this matter in Florida *pro bono*. New Testament submits its business administrator's declarations in support of its assertions that it would suffer great financial hardship by remaining in New Jersey. It supplies no further evidence. New Testament's status as a not-for-profit corporation alone does not provide a basis for arguing financial burden. However, the Court considers New Testament's business administrator's declaration as providing some support for transfer. The Court notes that the at-issue permissive forum selection clause does not amount to New Testament's waiver to assert inconvenience.[65] However, the clause is a consideration and impacts the weight in favor of transfer.

The fifth factor weighs against transfer. Regarding potential witnesses, New Testament argues that all fact witnesses are located in Florida and specifically identifies New Testament's current business administrator, former business administrator and former information technology personnel, and United Data Technologies' personnel.[66] As to these fact witnesses, except the current business administrator, New Testament asserts that they cannot be compelled to appear for trial in New Jersey, but can be in the Southern District of Florida. New Testament does not provide any factual basis for the necessity of these witnesses. Hewlett-Packard contends that these witnesses are not necessary for adjudication because the former business administrator is only identified as a signatory, not a negotiator, and there is no claim that the Equipment did not properly function to require the presence of information technology personnel and United Data Technologies' personnel. The Court agrees. As noted by Hewlett-Packard, this case focuses on the

---

[65] *See Depuy Synthes Sales, Inc. v. Gill*, No. 13-4474, 2013 WL 5816328, at *7 (D.N.J. Oct. 29, 2013).

[66] (D.E. 25-1, Gonzalez Decl., at ¶ 8).

13

language of the transactional documents and New Testament's alleged failure to pay in accordance with the Master Lease.

Regarding factor six, each party contends that their respective books and records are located in the desired forum. New Testament argues that the non-party seller, United Data Technologies, maintains records in Florida.[67] There is no indication that New Testament or a non-party would be burdened by producing records in New Jersey. This factor is neutral.

2. **Public Interest Factors**

Under *Jumara*, the public interest factors include the enforceability of the judgment; practical considerations making the trial easy, expeditious, or inexpensive; administrative difficulty in the two fora resulting from court congestion; local interest in deciding local controversies at home; public policies of the fora; and the trial judge's familiarity with the applicable law.[68]

The Court finds that an analysis of the public interest factors weighs slightly against transfer. Factors one, two, four, and five—enforceability of the judgment, practical considerations, local interest in deciding local controversies at home, and the public policies of the fora, respectively—do not weigh in favor of or against transfer.

Factor three concerns the administrative difficulty in the two fora resulting from court congestion. The Court notes that the District of New Jersey, as compared to the Southern District of Florida, has a greater number of civil case filings and fewer judges. However, "relative congestion of the respective courts' dockets is not a factor of great importance on a motion to

---

[67] (D.E. 25-6, Def.'s Mot., Br., at 13).

[68] *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879–80 (3d Cir. 1995).

transfer."[69] The difference between this District and the Southern District of Florida is "not so stark as to overcome [Hewlett-Packard's] private interest in litigating this case in New Jersey."[70] This factor does not weigh heavily in favor of transfer.

Factor six—the trial judge's familiarity with the applicable law—weighs against transfer. The parties do not dispute that New Jersey law applies. The Court notes that "[j]ustice requires that, whenever possible, a diversity case should be decided by the court most familiar with the applicable state law."[71] This District is most familiar with New Jersey law.

C. **Forum Shopping**

New Testament argues that Hewlett-Packard's forum shopping is impermissible and affords a basis for transfer. New Testament relies on Hewlett-Packard's original filing in Florida, which it voluntarily dismissed without prejudice, and its filing in this District, to assert an improper purpose under Federal Rule of Civil Procedure 11(b)(1). It explains that Hewlett-Packard engaged in this abusive litigation tactic to obstruct, harass, and increase New Testament's costs of litigation.[72] The Court is unconvinced and instead finds no basis in this argument.

---

[69] *Eastman v. First Data Corp.*, No. 10-4860, 2011 WL 1327707, at *5 (D.N.J. Apr. 5, 2011) (quoting *Kisko v. Pa. Cent. Transp. Co.*, 408 F. Supp. 984, 987 (M.D. Pa. 1976)) (internal quotations omitted).

[70] *Samuels v. Medytox Solutions, Inc.*, 13-7212, 2014 WL 4441943, at *10 (D.N.J. Sept. 8, 2014).

[71] *NCR Credit Corp. v. Ye Seekers Horizon, Inc.*, 17 F. Supp. 2d 317, 323 (D.N.J. 1998) (citation and internal quotations omitted).

[72] (D.E. 25-6, Def.'s Mot. Br., at 17).

## IV. CONCLUSION

For the foregoing reasons, this Court concludes that it is not in the interests of justice to transfer this case to the Southern District of Florida and **DENIES** New Testament's motion to transfer. An appropriate order follows.

**ORDER**

**IT IS** on this Tuesday, August 13, 2019,

**ORDERED**, that Defendant New Testament Baptist Church's motion to transfer is **DENIED**.

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

8/13/2019 9:51:30 AM

Original: Clerk of the Court
Hon. Madeline Cox Arleo, U.S.D.J.
cc: All parties
    File